UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

NICOLAS A. LINDER
and other similarly-situated individuals,

    Plaintiff (s),

v.

OMEGA EMPIRE, LLC,
d/b/a EAT GREEK SOUVLAK
VASSILIOS DIMOTAKIS,
a/k/a/ BILLY DIMOTAKIS,
individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NICOLAS A. LINDER, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants OMEGA EMPIRE, LLC, d/b/a EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS a/k/a BILLY DIMOTAKIS, individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NICOLAS A. LINDER is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant OMEGA EMPIRE, LLC, d/b/a EAT GREEK SOUVLAKI, (hereinafter EAT GREEK SOUVLAKI) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto Defendants was and is engaged in interstate commerce.

4. The individual Defendant, VASSILIOS DIMOTAKIS a/k/a BILLY DIMOTAKIS (hereinafter VASSILIOS DIMOTAKIS), was and is now, the owner/partner/director, and manager of Defendant Corporation OMEGA EMPIRE, LLC, d/b/a EAT GREEK SOUVLAKI. This individual Defendant had control, directed operations of the corporations and he is Plaintiff's employer in the meaning of 29 U.S.C. § 203(d).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2017, (the "material time") without being properly compensated.

6. Corporate Defendant EAT GREEK SOUVLAKI is a Greek restaurant with several locations within the area of Miami-Dade County.

7. Defendants EAT GREEK SOUVLAKI and VASSILIOS DIMOTAKIS employed Plaintiff NICOLAS A. LINDER as non-exempt restaurant employee, from approximately February 10, 2017 through May 8, 2017, or 12 weeks.

8. Plaintiff was hired to work as a cook, kitchen helper, dishwasher, and cleaning employee with a wage rate of $11.25 an hour. Plaintiff overtime rate should be $16.87 an hour.

9. While employed by Defendants, Plaintiff worked a period from April 13, to May 8, 2017, or 3 weeks plus 4 days more than 40 hours per week. Plaintiff worked 7 days of per week; Plaintiff worked Monday to Sunday from 6:00 PM to 12:30 AM (6.5 hours each day); Plaintiff worked a minimum of 45.5 hours every week. Plaintiff did not take any bona fide lunch break.

10. Plaintiff worked in excess of 40 hours weekly. However, he was not paid his regular wages and overtime hours. Plaintiff received late, and partial payments every week. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

11. Plaintiff was paid in cash, without paystubs providing basic information about the total working hours per workweek, wage rate, employment taxes deducted etc.

12. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and he did not have access to check total number of hours worked.

13. Plaintiff complained every week because he was not paid his regular wages and his overtime hours.

14. On or about May 8, 2017, Plaintiff complained to the management about not being paid complete regular wages for two consecutive weeks.

15. As a result of Plaintiff's multiple complaints, Defendants fired Plaintiff the same day, without paying him his hard-earned wages.

16. Plaintiff NICOLAS A. LINDER intends to recover unpaid regular wages for unpaid overtime hours, retaliatory damages and any relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1)FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. The Employer EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as

defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business operating as restaurants, and through its business activities, affects interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

21. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

22. Defendants EAT GREEK SOUVLAKI and VASSILIOS DIMOTAKIS employed Plaintiff NICOLAS A. LINDER as non-exempt restaurant employee, from approximately February 10, 2017 through May 8, 2017, or 12 weeks.

23. Plaintiff was hired to work as a cook, kitchen helper, dishwasher, and cleaning employee with a wage rate of $11.25 an hour. Plaintiff overtime rate should be $16.87 an hour.

24. While employed by Defendants, Plaintiff worked a period from April 13, to May 8, 2017, or 3 weeks plus 4 days more than 40 hours every week. Plaintiff worked 7 days of per week. Plaintiff worked Monday to Sunday from 6:00 PM to 12:30 AM (6.5 hours each day) Plaintiff worked a minimum of 45.5 hours every week. Plaintiff did not take any bona fide lunch break.

25. Plaintiff worked 45.5 hours, but he was paid for only 40.00 weekly. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

26. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and he did not have access to check total number of hours worked.

27. The records, if any, concerning the number of hours actually worked by Plaintiff NICOLAS A. LINDER, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

28. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Hundred Seventy-Eight Dollars and 34/100 ($278.34)

   b. <u>Calculation of such wages</u>:

       Total weeks of employment: 12 weeks
       Total relevant number of weeks: 3 weeks
       Total hours worked: 45.5 hours weekly
       Total Overtime hours: 5.5 hours weekly
       Regular rate: $11.25 an hour x 1.5=$16.87 O/T rate
       O/T rate $6.87

       O/T rate $16.87 x 5.5 O/T hours=$92.78 weekly x 3 weeks = $278.34

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

       This amount represents the unpaid overtime.

30. At all times material hereto, the Employer/Defendant EAT GREEK SOUVLAKI failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

31. Defendant EAT GREEK SOUVLAKI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

32. At the times mentioned, individual Defendant VASSILIOS DIMOTAKIS, was and is now owner/partner and manager of Defendant Corporation EAT GREEK SOUVLAKI. Defendant VASSILIOS DIMOTAKIS, was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. this individual Defendant acted directly in the interests of EAT GREEK SOUVLAKI in relation to its employees, including Plaintiff and others similarly situated. Defendant VASSILIOS DIMOTAKIS had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and he is jointly liable for Plaintiff's damages.

33. Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICOLAS A. LINDER and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NICOLAS A. LINDER and other similarly-situated and against the Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS on the basis of Defendants' willful violations of

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NICOLAS A. LINDER and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

36. This action is brought by Plaintiff NICOLAS A. LINDER and those similarly-situated to recover from the Employer EAT GREEK SOUVLAKI unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

37. The Employer EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon

information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

38. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

39. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

40. Defendant EAT GREEK SOUVLAKI employed Plaintiff NICOLAS A. LINDER as non-exempt restaurant employee, from approximately February 10, 2017 through May 8, 2017, or 12 weeks.

41. Plaintiff was hired to work as a cook, kitchen helper, dishwasher, and cleaning employee with a wage rate of $11.25 an hour. Plaintiff overtime rate should be $16.87 an hour.

42. While employed by Defendants, Plaintiff worked a period from April 13, to May 8, 2017, or 3 weeks plus 4 days, more than 40 hours every week. Plaintiff had a regular schedule of 7 days of per week. Plaintiff worked Monday to Sunday from 6:00 PM to 12:30 AM (6.5 hours each day) Plaintiff worked a minimum of 45.5 hours every week. Plaintiff did not take any bona fide lunch break.

43. Plaintiff worked 45.5 hours every week. However, during Plaintiff's period of employment with Defendants, he was not paid his regular wages for a substantial number of hours, at any rate, not even at the minimum wage rate as required by law.

44. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not use any kind of time-keeping method, and did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

45. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

46. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

\*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
\*Florida minimum wage is $8.10, which is higher than Federal minimum wage. as per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

Five Hundred Forty-Two Dollars and 10/100 ($542.70)

  b. <u>Calculation of such wages</u>:

  Total number of unpaid hours: 67 hours
  2015 Minimum wage $7.25 / Florida Minimum wage $8.10

  $8.10 x 67 hours worked = $542.70

  c. <u>Nature of wages</u>:

  This amount represents unpaid minimum wages at Florida Min. wage rate

47. Defendant EAT GREEK SOUVLAKI unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

48. Defendant EAT GREEK SOUVLAKI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

50. At the times mentioned, individual Defendant VASSILIOS DIMOTAKIS, was and is now owner/partner and manager of Defendant Corporation EAT GREEK SOUVLAKI. Defendant VASSILIOS DIMOTAKIS, was the employer of Plaintiff

and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. this individual Defendant acted directly in the interests of EAT GREEK SOUVLAKI in relation to its employees, including Plaintiff and others similarly situated. Defendant VASSILIOS DIMOTAKIS had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and he is jointly liable for Plaintiff's damages.

51. Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS, willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICOLAS A. LINDER and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NICOLAS A. LINDER and against the Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

54. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

55. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

56. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

57. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

58. The Employer EAT GREEK SOUVLAKI, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

59. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

60. Defendants EAT GREEK SOUVLAKI and VASSILIOS DIMOTAKIS employed Plaintiff NICOLAS A. LINDER as non-exempt restaurant employee, from approximately February 10, 2017 through May 8, 2017, or 12 weeks.

61. Plaintiff was hired to work as a cook, kitchen helper, dishwasher, and cleaning employee with a wage rate of $11.25 an hour. Plaintiff overtime rate should be $16.87 an hour.

62. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of minimum 7 days of work per week, and

Plaintiff worked a minimum of 45.5 hours every week. Plaintiff did not take any bona fide lunch break.

63. However, Plaintiff was not paid for overtime hours. In addition, Plaintiff was paid in a very irregular fashion. Plaintiff received late, and partial payments. Defendants failed to pay Plaintiff regular and overtime hours at the rate of time and a half his regular rate as provided by the Fair Labor Standards Act (FLSA).

64. Plaintiff complained every week to the owners of the business, to his supervisor and owner VASSILIOS DIMOTAKIS because he was not paid his regular wages and his overtime hours.

65. These complaints constituted protected activity under the FLSA.

66. On or about May 8, 2017, Plaintiff complained the last time about not being paid his regular and overtime wages.

67. As a result of Plaintiff's multiple complaints, Defendants fired Plaintiff the same day, without paying him his hard-earned wages.

68. There is close proximity between Plaintiff's last protected activity and his termination.

69. At the times mentioned, individual Defendant VASSILIOS DIMOTAKIS, was and is now owner/partner and manager of Defendant Corporation EAT GREEK SOUVLAKI. Defendant VASSILIOS DIMOTAKIS, was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. this individual Defendant acted directly in the interests of EAT GREEK SOUVLAKI in relation to its employees, including Plaintiff and others similarly situated. Defendant VASSILIOS

DIMOTAKIS had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and he is jointly liable for Plaintiff's damages.

70. Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS willfully and intentionally refused to pay Plaintiff unpaid regular and overtime wages as required by the law of the United States and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

71. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NICOLAS A. LINDER respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants EAT GREEK SOUVLAKI, and VASSILIOS DIMOTAKIS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff NICOLAS A. LINDER further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff NICOLAS A. LINDER demands trial by jury of all issues triable as of right by jury.

Dated: This 25th day of May, 2017.

Respectfully submitted,

By: __/s/ **Zandro E. Palma**___
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*